UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY ANDERSON #979199, and
LADONTAE MCKINLEY #863585

        Plaintiffs,

v.

ERICA HUSS, et al.,

        Defendants.
_____/

Case No. 2:21-cv-00123

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses a motion to dismiss filed by Defendants (ECF No. 28) and a motion for sanctions filed by Plaintiff Anderson (ECF No. 37.)

Plaintiffs – state prisoners Jerry Anderson and LaDontae McKinley – filed an unverified complaint, pursuant to 42 U.S.C. § 1983, alleging an Eighth Amendment violation while they were housed at Marquette Branch Prison (MBP).  (ECF No. 1.) The remaining claim is against Defendant Warden Huss for allegedly acting with deliberate indifference to Plaintiffs' health and safety by refusing to separate them from COVID-19-positive prisoners in 2020.

The Court issued a screening opinion on March 22, 2022.  (ECF No. 11.)  All of Plaintiffs' claims against four other defendants – MDOC Director Washington, Michigan Governor Whitmer, Grievance Manager Russell and the MDOC – were

dismissed for failure to state a plausible claim for relief. Plaintiff Anderson's First Amendment retaliation claims against Warden Huss were also dismissed. As a result, Plaintiffs' only remaining claim is against Warden Huss for allegedly acting with deliberate indifference to their serious health needs by exposing them to COVID-19 positive prisoners, in violation of the Eighth Amendment. (*Id.*, PageID.49.)

In its screening opinion, this Court set forth the standard associated with the objective prong of an Eighth Amendment deliberate indifference claim regarding exposure to COVID-19. The Court stated:

> Under [*Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020)], a medically vulnerable plaintiff may satisfy the objective prong by alleging conditions that could facilitate COVID-19 transmission within a prison and the health risks posed by the virus. Plaintiffs allege conditions that could facilitate COVID-19 transmission within MBP. Plaintiffs do not allege that they suffer any particular medical vulnerability. Nonetheless, at this early stage, the Court concludes that Plaintiffs allege facts sufficient to satisfy the objective prong of the deliberate indifference test.

(ECF No. 11, PageID.59.) The Court then addressed the measures set forth by the MDOC Director's Office Memorandums (DOMs) addressing COVID-19 in the prison system. (*Id.*, PageID.61-62.) In consideration of the measures addressed by the DOMs, the Court addressed each of the Defendants' actions as set forth by the allegations in the complaint. The Court dismissed all the claims set forth in the complaint except for the Eighth Amendment claim asserted against Warden Huss. The Court in determining "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face'" (*id.*, PageID.51-52) stated: "Plaintiffs allege that Warden Huss purposely disregarded the DOM requirements for social

distancing and separation and even voiced her indifference to the resulting risk of harm to Plaintiffs. Plaintiffs' complaint, therefore, suffices to state an Eighth Amendment deliberate indifference claim against Warden Huss." (*Id.*, PageID.65.)

Warden Huss now moves to dismiss the complaint under the same standard that the Court applied in screening the Plaintiffs' complaint. Defendant also argues that the Eleventh Amendment bars Plaintiff from seeking monetary damages from her in her official capacity, that she is entitled to qualified immunity from liability, and that Plaintiffs' requests for injunctive relief are moot.

It is respectfully recommended that the Court grant Warden Huss's motion to dismiss with respect to Plaintiffs' official capacity and injunctive relief claims and deny Warden Huss's motion to dismiss with respect to Plaintiff's claims against her in her personal capacity for monetary damages. It is further recommended that the Court deny Plaintiff Anderson's motion for sanctions.

It is further recommended that the Court deny Warden Huss's motion to dismiss based on qualified immunity. To succeed on a motion to dismiss based on qualified immunity, Warden Huss must show that the facts as alleged do not make out a violation of a constitutional right, or that the right at issue was not clearly established at the time of the alleged violation. Instead, Warden Huss argues that the governor and the MDOC implemented policies to address the COVID-19 pandemic in the prisons. The actions taken by the governor and the MDOC are not at issue here. This Court acknowledged that the MDOC implemented policies and director's office memoranda to address COVID-19 in the prisons in its screening

3

opinion. But Plaintiffs sue Warden Huss in her personal capacity and allege that Warden Huss *acted contrary to MDOC policies* in deliberate indifference to the risks posed by COVID-19. Warden Huss fails to address her own alleged conduct in her motion to dismiss — conduct which this Court's screening opinion already determined made out an Eighth Amendment claim. And Warden Huss does not argue that the right at issue was not clearly established.

If the Court accepts this recommendation, Plaintiffs' Eighth Amendment deliberate indifference claim against Warden Huss in her personal capacity for allegedly deliberately disregarding the MDOC's COVID-19-related policies for social distancing will remain.

## II. Motion to Dismiss Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* Plaintiffs are proceeding *pro se*. As such, his pleadings are subject to less stringent standards than those prepared by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972).

### III. Analysis

#### a. Eleventh Amendment

A lawsuit against a state official for monetary damages is treated as a lawsuit against the State. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978);

*O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Section 1983 did not expressly abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). As such, Plaintiffs' claims against Warden Huss in her official capacity for monetary damages are properly dismissed in accordance with the Eleventh Amendment.

Plaintiffs also seek injunctive relief; state actors are not entitled to sovereign immunity on claims for prospective relief. *Doe v. Wigginton*, 21 F.3d 733 (6th Cir. 1994) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)) (explaining that official-capacity claims for prospective relief are "deemed to be against only the nominal defendant officers" and are therefore not barred by the Eleventh Amendment); *see also Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895, 904 (6th Cir. 2014) (explaining that *Ex parte Young* and its progeny "allow federal courts to enjoin state officers in their official capacity from prospectively violating a federal statute or the Constitution"). But for the reasons explained below, any remaining requests for injunctive relief are moot.

### b. Injunctive Relief

Plaintiffs' complaint requests an order releasing Plaintiffs from MBP to home confinement during the remainder of the COVID-19 pandemic, and an injunction preventing "cohabitating the 4 different prisoner classes." (ECF No. 1, PageID.13.) Defendant argues that Plaintiffs' requests are moot because they are no longer housed at MBP, and the COVID-19 pandemic has ended.

The Sixth Circuit has held that transfer to another prison facility moots prisoner injunctive and declaratory claims. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). These Sixth Circuit opinions contain only brief explanations of the reasoning supporting this rule. Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g., Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496. Plaintiffs are no longer housed at MBP. (ECF Nos. 10 and 14.) Plaintiffs are no longer in the custody or control of Warden Huss.

Further, on April 10, 2023, President Biden signed House Joint Resolution 7, which ended the national emergency related to the COVID-19 pandemic.

7

https://www.whitehouse.gov/briefing-room/legislation/2023/04/10/bill-signed-h-j-res-7/ (last visited September 27, 2023).  In the opinion of the undersigned, Plaintiffs requests for injunctive relief are now moot.

### c. Qualified Immunity

Warden Huss argues that the case against her should be dismissed based upon qualified immunity.  Warden Huss argues that the record shows that she responded reasonably to the COVID-19 pandemic by implementing CDC and MDOC guidelines, and that any isolated failures on her part fail to state a claim upon which relief may be granted. (ECF No. 29, PageID.121-122.)  Warden Huss concedes that Plaintiffs satisfy the objective component of an Eighth Amendment claim but argues that they cannot establish the subjective component because her response to COVID-19 was reasonable.  (*Id.*, PageID.122-123.)  Warden Huss argues that Plaintiffs have failed to show that her actions violated the Constitution or that she failed to follow CDC or MDOC guidelines.  (*Id.*, PageID.123-124.)

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant officer violated a right so clearly established "that every 'reasonable official would have understood that what he [was]

doing violate[d] that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The analysis entails a two-step inquiry. *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). First, the court must "determine if the facts alleged make out a violation of a constitutional right." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (1982)). Second, the court asks if the right at issue was "'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it." *Id.* (citing *Pearson*, 555 U.S. at 232). A court may address these steps in any order. *Id.* (citing *Pearson*, 555 U.S. at 236). A government official is entitled to qualified immunity if either step of the analysis is not satisfied. *See Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016).

In applying the first step of the qualified immunity analysis, a court must identify "the specific constitutional right allegedly infringed" and determine whether a violation occurred. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The court considers the state of the law at the second step. As the Supreme Court has observed, "this Court's case law does not require a case directly on point for a right to be clearly established, [but] existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (internal quotation marks and original brackets omitted) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). As explained by the Supreme Court:

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be "settled law," *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam), which means it is dictated by "controlling authority"

or "a robust 'consensus of cases of persuasive authority,' " *al–Kidd*, *supra*, at 741–742, 131 S.Ct. 2074 (quoting *Wilson v. Layne*, 526 U.S. 603, 617, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. *See Reichle*, 566 U.S., at 666, 132 S.Ct. 2088. Otherwise, the rule is not one that "every reasonable official" would know. *Id.*, at 664, 132 S.Ct. 2088 (internal quotation marks omitted).

The "clearly established" standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). This requires a high "degree of specificity." *Mullenix v. Luna*, 577 U.S. ——, ——, 136 S.Ct. 305, 309, 193 L.Ed.2d 255 (2015) (per curiam). We have repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff*, *supra*, at 2023 (internal quotation marks and citation omitted). A rule is too general if the unlawfulness of the officer's conduct "does not follow immediately from the conclusion that [the rule] was firmly established." *Anderson*, *supra*, at 641, 107 S.Ct. 3034.

*D.C. v. Wesby*, 538 U.S. 48, 63-64 (2018).

Ultimately, Warden Huss does not argue that she is entitled to qualified immunity because the right at issue was not clearly established at the time of her alleged misconduct. Instead, she argues only that she is entitled to qualified immunity because Plaintiffs' allegations do not make out an Eighth Amendment violation. Warden Huss bases this argument on the policies implemented by the governor and the MDOC to address the Covid-19 pandemic in the prisons. But the Court is not concerned with the conduct of the governor or the MDOC, the Court is concerned with the conduct of Warden Huss.

Defendant cites *Daniels v. Huss*, 2:20-cv-235, 2022 WL 4480654, *2 (W.D. Mich. Sept. 27, 2022), where the Court granted Warden Huss's motion for summary judgment based upon qualified immunity because "[p]laintiff has not provided any support that Defendant, by her actions or failures to act in the handling of the COVID-19 pandemic at MBP, violated clearly established law." The Court applied a summary judgment standard under Rule 56 in determining that Warden Huss was entitled to qualified immunity in *Daniels*. Unlike in *Daniels*, this motion was brought under Rule 12(b)(6), not under Rule 56. The standard is significantly different.[1] Here the Court looks only at the allegations asserted in Plaintiffs' complaint and determines whether those allegations are enough to state a violation of clearly established law at the time of alleged wrongdoing. As noted above, the Court has already determined that the allegations in Plaintiffs' complaint state an Eighth Amendment deliberate indifference claim against Warden Huss. (ECF No. 11, PageID.65.) Specifically, the Court opined that:

> Plaintiffs allege that Huss purposefully disregarded the DOM requirements for social distancing and separation and even voiced her indifference to the resulting risk of harm to Plaintiffs. Plaintiffs' complaint, therefore, suffices to state an Eighth Amendment deliberate indifference claim against Defendant Huss.

---

[1] **Error! Main Document Only.**When the issue is raised prior to the completion of discovery, the plaintiff must simply respond with specific allegations of fact adequate to survive scrutiny under Rule 12(b)(6) standards. However, when the issue is raised in the context of a motion for summary judgment following an adequate period of discovery, the amount of proof required is that quantum of evidence necessary to allow a jury to return a verdict in plaintiff's favor. *Crutcher v. Commonwealth of Kentucky*, 883 F.2d 502, 504 (6th Cir. 1989); *Hull v. Cuyahoga Valley Joint Vocational School District Bd. of Education*, 926 F.2d 505 (6th Cir.), *cert. denied sub nom.*, *Hull v. Shuck*, 501 U.S. 1261 (1991).

(*Id.*)

The Court's screening opinion stands. This case is in the same procedural posture as it was at the time the Court issued the screening opinion. There has been no factual development, Plaintiffs have not amended their complaint to change their allegations, and there has been no discovery. Defendants have not presented any evidence that was unavailable to the Court at the time of the screening opinion. The Court had access to MDOC policies and DOMs and addressed them in the screening opinion. In sum, there is no reason for this Court to reconsider its screening opinion, and because Warden Huss does not argue that the rights at issue were not clearly established at the time of the alleged violation, the screening opinion forecloses Defendant's qualified immunity argument at this stage of the case.

### IV. Plaintiff Anderson's motion for sanctions

Plaintiff Anderson moves for sanctions under Fed. R. Civ. P. 16(f)(1)(c). (ECF No. 37, PageID.626.) Plaintiff Anderson argues that Warden Huss's motion has caused an unnecessary delay. Plaintiff Anderson requests that Warden Huss should have to pay each Plaintiff $500.00. The undersigned respectfully recommends that the Court deny Plaintiff Anderson's motion for sanctions for several reasons. First, only Plaintiff Anderson signed the motion. Plaintiff McKinley did not sign the motion or join Plaintiff Anderson in seeking sanctions. Second, there exists no basis to award sanctions to a plaintiff when a defendant takes action to defend a lawsuit. Warden Huss has a right to file a motion to dismiss. Warden Huss presented a

colorable argument and nothing within her motion was frivolous. Accordingly, sanctions under Rule 16(f) are not warranted.

Plaintiff Anderson argues that Warden Huss was not allowed to file a Rule 12 motion based upon the Court's March 24, 2023, Case Management Order (CMO). (ECF No. 25.) Nothing within the CMO stated that the Federal Rules of Civil Procedure did not apply to this case or that a party could not file a motion to dismiss.

## V. Recommendation

It is respectfully recommended that Warden Huss's motion to dismiss be granted in part by dismissing Plaintiffs' claims against Warden Huss in her official capacity and Plaintiff's request for injunctive relief. It is recommended that the Court deny the motion seeking dismissal based upon qualified immunity.

It is further recommended that the Court deny Plaintiff Anderson's motion for sanctions.

If the Court accepts this recommendation, one claim will remain in the case: Plaintiffs' Eighth Amendment claim that Warden Huss acted with deliberate indifference to Plaintiffs' serious medical needs by purposely disregarding the DOM requirements for social distancing and separation, thus resulting in a risk of harm to Plaintiffs, in violation of the Eighth Amendment.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections

constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    October 26, 2023                                    /s/ *Maarten Vermaat*
                                                              MAARTEN VERMAAT
                                                              U.S. MAGISTRATE JUDGE