UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY ANDERSON II and LADONTAE MCKINLEY,

    Plaintiffs,

v.

ERICA HUSS, et al.,

    Defendants.

_____/

Case No. 2:21-cv-123

HON. JANE M. BECKERING

**OPINION AND ORDER**

    Plaintiffs Jerry Anderson II and LaDontae McKinley, proceeding pro se, filed this prisoner civil rights action in June 2021 pursuant to 42 U.S.C. § 1983 against several Defendants, including Erica Huss, who was the warden at the Marquette Branch Prison (MBP) at the time of the allegations in Plaintiffs' Complaint. Following this Court's screening decision pursuant to 28 U.S.C. § 1915A, the only claim remaining is Plaintiffs' Eighth Amendment claim against Warden Huss. Warden Huss filed a motion to dismiss (ECF No. 28), and Plaintiff Anderson filed a motion for sanctions (ECF No. 37). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 41), recommending that this Court grant in part and deny in part Warden Huss' motion and deny Plaintiff Anderson's motion.

    The matter is presently before the Court on Warden Huss' objections (ECF No. 42) and Plaintiff McKinley's objections (ECF No. 44) to the Report and Recommendation. Warden Huss has also moved for an extension of time (ECF No. 48) and for leave to file a reply (ECF No. 50). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed

de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court grants Warden Huss' motions for an extension of time and for leave to file a reply, denies the objections, and issues this Opinion and Order.

## I.   BACKGROUND

Pertinent to the filings at bar, Plaintiffs allege in their Eighth Amendment claim that Warden Huss, in deliberate indifference to their serious health needs, did not properly implement Michigan Department of Corrections (MDOC) COVID-19-related policies (Compl., ECF No. 1 at PageID.5–7, 10). Specifically, Plaintiff Anderson alleges that Defendant Huss disregarded mandates to maintain social distancing among prisoners and maintain separation between four categories of prisoners: positive prisoners, close contacts of positive prisoners, prisoners under investigation for COVID-19 infection, and negative prisoners (*id.* at PageID.6). He alleges that on October 10, 2020, Huss moved five prisoners who were COVID-19 positive into C-block, where Anderson was housed (*id.* at PageID.5). According to Anderson, Huss told him that "there's no need to separate you all because you're bound to catch COVID-19 anyways. It's just a matter of time" (*id.*). Plaintiff McKinley reports that his "story is almost identical and runs in stride with Anderson's," and McKinley also alleges that the windows in C-block were "routinely left open," causing the COVID-19 virus to circulate (*id.* at PageID.10). He further adds that, as a food porter, he was forced to come "face to face with the contagious prisoners 6 (six) times a day . . . ." (*id.*).

In May 2023, Warden Huss filed a motion to dismiss (ECF No. 28). Plaintiff Anderson filed a response to Warden Huss' motion (ECF No. 32) and a motion for sanctions (ECF No. 37). According to Plaintiff Anderson, sanctions are warranted because Warden Huss' motion to dismiss "violates the Court's Case Management Order and it was presented to cause unnecessary delay" (ECF No. 38 at PageID.635).

On October 26, 2023, the Magistrate Judge issued his Report and Recommendation, recommending that this Court (1) grant Warden Huss' motion to dismiss Plaintiffs' claims for injunctive relief and claims against Warden Huss in her official capacity, (2) deny Warden Huss' motion for dismissal of Plaintiffs' claims against her in her individual capacity for monetary damages based on qualified immunity, and (3) deny Plaintiff Anderson's motion for sanctions (R&R, ECF No. 41 at PageID.746).

On November 9, 2023, Warden Huss filed her objections to the Report and Recommendation (ECF No. 42). The certificate of service accompanying the objections indicates that, because Warden Huss filed the objections late in the day and the following day—November 10, 2023—was the date on which Veterans' Day was observed, Plaintiffs were served via U.S. Mail on the next business day: November 13, 2023 (*id.* at PageID.765). Plaintiff Anderson filed a response to Warden Huss' objections (ECF No. 46), requesting that this Court "strike" her objections because they were "not served on him within the 14-day period allowed by law" (*id.* at PageID.924). On December 6, 2023, Warden Huss filed a motion for a four-day extension of time for serving her objections (ECF No. 48) and a motion for leave to file a reply to Plaintiff Anderson's response (ECF No. 50). On January 10, 2024, Plaintiff Anderson filed a combined response in opposition to both of Warden Huss' motions (ECF No. 52).

On November 15, 2023, Plaintiff McKinley submitted a filing that was docketed as his objections to the Report and Recommendation (ECF No. 44). Warden Huss filed a response to his objections (ECF No. 45).

## II. ANALYSIS

### A. Warden Huss' Objections

**1. Timing**

28 U.S.C. § 636(b)(1) provides that "[w]ithin fourteen days after being served with a copy [of a magistrate judge's proposed findings and recommendations], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."

There is no dispute that Warden Huss timely filed her objections to the Magistrate Judge's October 26, 2023 Report and Recommendation on November 9, 2023. Plaintiff Anderson disputes only whether Warden Huss timely served her objections inasmuch as the service occurred after the 14-day period.

Assuming arguendo that Warden Huss' objections were not timely served, Federal Rule of Civil Procedure 6(b)(1)(B) provides that when a party moves the court to accept a filing after the relevant deadline, the court may do so "where the failure to [file before the deadline] was the result of excusable neglect." According to the Sixth Circuit, the governing legal standard for excusable-neglect determinations is a balancing of the following five factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

The Court determines that the factors, on balance, weigh in favor of Warden Huss.  The untimeliness at issue in this case is de minimis, and neither Plaintiff has indicated they would suffer any prejudice resulting from an extension.  Given the totality of the circumstances of this case, including the intervening holiday, the Court finds that excusable neglect exists and that the requested four-day extension of time for service is appropriate.  The Court will, in its discretion, grant Warden Huss' motion for an extension of the date of service for her objections from November 9, 2023 to November 13, 2023, and the Court will grant her leave to file her proposed reply.

**2.     Merits**

Warden Huss' two objections to the Report and Recommendation concern the Magistrate Judge's qualified immunity analysis.  At the pleading stage, the ultimate test for the availability of a qualified-immunity defense is whether, reading the complaint in the light most favorable to the plaintiff, it is plausible that the defendant's acts or omissions violated the plaintiff's clearly established constitutional rights.  *Osberry v. Slusher*, 750 F. App'x 385, 392 (6th Cir. 2018) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (1982)).  As set forth by the Magistrate Judge, the analysis requires a court to (1) "determine if the facts alleged make out a violation of a constitutional right" and (2) "ask if the right at issue was 'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it" (R&R, ECF No. 41 at PageID.745, citing *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013) (citing *Pearson*, 555 U.S. at 232)).  A court can address the prongs in either order but must answer both questions in the affirmative for a plaintiff's claim to survive.  *Osberry, supra.*  "The plaintiff bears the burden of demonstrating a constitutional violation and a clearly established right at the time of the incident."  *Wiley v. City of Columbus, Ohio*, 36 F.4th 661, 669 (6th Cir. 2022).

      a.    *Constitutional Violation*

A deliberate-indifference claim under the Eighth Amendment includes both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 506 U.S. 25, 35–37 (1993). To satisfy the objective component, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

In examining whether the facts Plaintiffs alleged make out a violation of the Eighth Amendment, the Magistrate Judge pointed out that this Court, in its March 2022 screening decision, previously determined that Plaintiffs' allegations against Warden Huss were sufficient to state such a claim (R&R, ECF No. 41 at PageID.745, referencing Op., ECF No. 11 at PageID.65). The Magistrate Judge observed that this case was in the same procedural posture as it was at the time the Court issued the screening opinion, i.e., Plaintiffs had not since amended their Complaint, and no discovery had been conducted (*id.* at PageID.745).

In the screening decision, this Court found that the Director's Office Memorandums (DOMs) in effect during the time period recounted in Plaintiffs' complaint include DOM 2020-30R6, DOM 2020-30R7, and DOM 2020-30R8, which called for the wearing of personal protective equipment, screening of individuals before entering a facility, social distancing, the creation of isolation and quarantine areas—as resources permit—for prisoners who tested positive and prisoners under investigation for having COVID-19, isolation of the personal property of positive prisoners and prisoners under investigation, limitations of visitation and programs, the use of alcohol-based sanitizers and wipes by staff, limited transfers and cell moves, testing, adequate soap for hygiene and cleanliness, the use of bleach under staff supervision, no prisoner co-pays for

COVID-19 testing and management, and remote work by staff when possible (Op., ECF No. 11 at PageID.62). In determining that Plaintiffs plausibly alleged an Eighth Amendment deliberate indifference claim against Warden Huss, this Court indicated that Plaintiffs' allegations reflect Huss' "active and personal involvement" inasmuch as Plaintiffs allege that Huss "purposely disregarded the DOM requirements for social distancing and separation and even voiced her indifference to the resulting risk of harm to Plaintiffs" (*id.* at PageID.65).

In her motion to dismiss, Warden Huss conceded that Plaintiffs' allegations satisfy the objective component of an Eighth Amendment claim, but she argued that the subjective component was not satisfied because her response to COVID-19 was "reasonable" (ECF No. 29 at PageID.122–123). In rejecting Warden Huss' argument, the Magistrate Judge determined that "Warden Huss fails to address her own alleged conduct in her motion to dismiss" (R&R, ECF No. 41 at PageID.737).

In her objections to the Report and Recommendation, Warden Huss argues that the Magistrate Judge erroneously determined that she failed to address her own alleged conduct in her motion to dismiss (ECF No. 42 at PageID.761). According to Huss, she demonstrated that "Plaintiffs' own allegations fail to establish any violations of MDOC guidelines, CDC guidelines, or the Eighth Amendment" (*id.* at PageID.762–763). Huss emphasizes that the relevant guidelines "called for flexibility" and that "isolated" incidents and unavoidable harm do not rise to the level of an Eighth Amendment violation (*id.*).

In his response to Warden Huss' objections, Plaintiff Anderson argues that Warden Huss cannot "hitchhike a ride to qualified immunity on the backs of the dismissed defendants' (Whitmer and Washington) policies that she chose to willfully disregard with deliberate indifference" (ECF No. 46 at PageID.929).

7

Warden Huss' objection is properly denied.

Even assuming arguendo that the actions Plaintiffs describe Huss taking did not violate the relevant guidelines, such compliance fails to account for Huss' subjective state of mind, as alleged by Plaintiffs. Under Plaintiffs' version of events, Huss was not employing a flexible approach out of necessity; rather, she was inviting the risk of harm by purposely disregarding the requirements for social distancing and separation. In other words, Plaintiffs do not describe harm that occurred because it was unavoidable; rather, Plaintiffs describe harm to which Huss was indifferent. The evidence produced during discovery may disprove Plaintiffs' allegations, but Warden Huss' objection fails to demonstrate any error in the Magistrate Judge's conclusion that Plaintiffs sufficiently pleaded facts that plausibly state a violation of their Eighth Amendment rights.

    b.    *Clearly Established Right*

On the second prong of the qualified-immunity analysis, the Magistrate Judge found that "Warden Huss does not argue that … the right at issue was not clearly established at the time of her alleged misconduct" (R&R, ECF No. 41 at PageID.743).

In her objections, Warden Huss argues that the Magistrate Judge's finding was "erroneous" because she devoted "pages" to that argument (Huss Obj., ECF No. 42 at PageID.755). Moreover, according to Huss, the Magistrate Judge improperly shifted the burden to her to demonstrate that she did not violate clearly established law (*id.* at PageID.756). Last, Huss contends that other courts that have applied qualified immunity to COVID-19 claims "like those at issue in the present case" have generally found that the plaintiffs could not establish the violation of any clearly established law (*id.* at PageID.757–759).

In his response, Plaintiff Anderson argues that he asserted a clearly established right (ECF No. 46 at PageID.929–930, citing *Farmer*, 511 U.S. at 844; and *Helling*, 509 U.S. at 33 (holding

8

that prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease")).

Warden Huss' objection lacks merit.

The Magistrate Judge did not shift the burden to Warden Huss merely by finding that her motion papers failed to meaningfully address the second prong of the qualified-immunity analysis. The Magistrate Judge properly stated in the Report and Recommendation that once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant officer violated a clearly established right. *See* R&R, ECF No. 41 at PageID.741.

Nor does Warden Huss' reliance on two qualified-immunity cases from this district demonstrate any error in the Magistrate Judge's ultimate conclusion that the Eighth Amendment violation, as alleged, was clearly established.[1] *See* Huss Obj., ECF No. 42 at PageID.757–759, citing *Gordon v. Burt*, No. 1:21-cv-415, 2023 WL 3914934 (W.D. Mich. June 9, 2023); and *Shepard v. Artis*, No. 1:22-cv-326, 2023 WL 6394064 (W.D. Mich. Aug. 29, 2023), report and recommendation adopted, 2023 WL 6389746 (W.D. Mich. Oct. 2, 2023)). The clearly-established inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Neither *Gordon* nor *Shepard* involve allegations of conduct like Warden Huss' alleged purposeful disregard for the DOM requirements.

In sum, this Court declines to strike Defendant Warden Huss' objections and determines that the objections are instead properly denied on their merits.

---

[1] Given the Sixth Circuit's general rule against using out-of-circuit caselaw in the clearly-established inquiry, *Burnett v. Griffith*, 33 F.4th 907, 913 (6th Cir. 2022) (citing *Ashford v. Raby*, 951 F.3d 798, 804 (6th Cir. 2020)), this Court has not considered the decisions from outside the Sixth Circuit that Warden Huss references in her Objections. *See* ECF No. 42 at PageID.759–761.

### B.     Plaintiff McKinley's Objections

Plaintiff McKinley filed an "affidavit" purportedly objecting to the Magistrate Judge's recommendation that this Court deny Plaintiff Anderson's motion for sanctions (McKinley Objs., ECF No. 44 at PageID.908–909).  Plaintiff McKinley states that he "has joined and has always been a part of all pleadings filed within this complaint" (*id.* at PageID.909).

As a threshold matter, as Warden Huss points out, Plaintiff Anderson's motion for sanctions can only be considered to be filed on behalf of Anderson, and Plaintiff McKinley cannot belatedly apply Anderson's filing to himself (ECF No. 45 at PageID.917, citing *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action.") (citation omitted).

In any event, Plaintiff McKinley fails to identify—let alone demonstrate—any error in the Magistrate Judge's analysis or conclusion.  Rather, the Magistrate Judge properly determined that "there exists no basis to award sanctions to a plaintiff when a defendant takes action to defend a lawsuit" (R&R, ECF No. 41 at PageID.745).  Plaintiff McKinley's objections are therefore properly denied.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motion for Extension of Time (ECF No. 48) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Reply (ECF No. 50) is GRANTED, and the proposed reply (ECF No. 51-2) to Plaintiff Anderson's response (ECF No. 46) is accepted for docketing.

**IT IS FURTHER ORDERED** that the Objections (ECF Nos. 42 & 44) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 41) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 28) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff Anderson's Motion for Sanctions (ECF No. 37) is DENIED for the reasons stated in the Report and Recommendation.

Dated:  March 18, 2024   　　　　　　　　　　　　　　　　　　/s/ Jane M. Beckering  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JANE M. BECKERING  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge