UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY ANDERSON II #979199,
LADONTAE MCKINLEY #863585,

        Plaintiff,

v.

ERICA HUSS, et al.,

        Defendants.
_____/

Case No. 2:21-cv-123

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

**I. Introduction**

This report and recommendation addresses Plaintiff Anderson's request for an injunction to prevent MDOC employees from reading his correspondence with Plaintiff McKinley.[1] (ECF No. 73.)

Plaintiffs – state prisoners Jerry Anderson and LaDontae McKinley – filed an unverified complaint, pursuant to 42 U.S.C. § 1983, asserting an Eighth Amendment violation while they were housed at Marquette Branch Prison (MBP). (ECF No. 1.)

---

[1] In his response brief, defense counsel takes issue with Anderson's characterization of counsel informing the Court that a settlement conference would not likely resolve the case. (ECF No. 79.) Anderson stated in his request for injunctive relief that defense counsel "Predhomme then threw a temper tantrum and said that he was calling the court to tell them that he felt that the settlement conference was not going to be fruitful. Anderson merely state that Predhomme had the right to do so (not that he agreed with it)." (ECF No. 73, 1108.) Anderson does not ask the Court for any relief on this point. It is noted that the Court may conduct an early settlement conference if all parties agree that it could be helpful to resolve the case.

Plaintiffs allege that Defendant Warden Huss acted with deliberate indifference to their health and safety by refusing to separate them from COVID-19-positive prisoners in 2020.

Anderson says that he requested to send letters to Plaintiff McKinley under MDOC Policy Directive 05.03.121, which addresses prisoner to prisoner mail. MDOC PD 05.03.121 (eff. date Aug. 1, 2023). Anderson is concerned that MDOC employees will read the correspondence. Anderson says that MDOC Policy Directive 05.03.121 is unconstitutional because MDOC employees are allowed to "act as spies and relay sensitive litigation related information to the defendant and or her attorneys." (ECF No. 73, PageID.1108.) Anderson requests that the Court order the MDOC to treat the correspondence between Plaintiffs in the same manner that the MDOC treats legal mail from the Court or from an attorney. The Court assumes that Anderson is requesting an order requiring "special handling" in the same manner as set forth in MDOC Policy Directive 05.03.118, ¶ KK. MDOC PD 05.03.118 (eff. date No. 6, 2023). Under that directive, mail is inspected for contraband but not read or skimmed.

**II. Analysis**

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court

must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

Plaintiff Anderson's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). Anderson has made no showing that he has a strong or substantial likelihood of success on the merits of his claim that Defendant Huss acted with deliberate indifference by failing to separate him from COVID-19 positive prisoners.

3

In addition, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in his complaint. *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *Ball v. Famiglio,* 396 F. App'x 836, 837 (3d Cir. 2010). In his complaint, Anderson did not make a constitutional challenge to the MDOC Policy Directive concerning prisoner to prisoner mail. Furthermore, a plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *Overstreet*, 305 F.3d at 578. Plaintiff has failed to assert factors that establish that he will suffer irreparable harm in the absence of an injunction.

Finally, in the context of a motion impacting matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

### III. Recommendation

Therefore, because Anderson has failed to establish that injunctive relief is appropriate, it is recommended that the Court deny Plaintiff Anderson's motion for an injunction.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  July 12, 2024 　　　　　　　　　　　　　　　　　　/s/ *Maarten Vermaat*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Maarten Vermaat
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE