UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY ANDERSON #979199, II,
and LADONTAE MCKINLEY #863585

      Plaintiffs,

v.

ERICA HUSS, et al.,

      Defendants.
_____/

Case No.   2:21-cv-00123

Hon.   Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses Defendants' motion to dismiss Plaintiff Anderson from this case for failure to comply with the Court Order to sign an authorization to release his medical records.   (ECF No. 94.)

Plaintiffs – state prisoners Jerry Anderson and LaDontae McKinley – filed an unverified complaint, pursuant to 42 U.S.C. § 1983, asserting an Eighth Amendment violation while they were housed at Marquette Branch Prison (MBP).   (ECF No. 1.) Plaintiffs allege that Defendant Warden Huss acted with deliberate indifference to their health and safety by refusing to separate them from COVID-19-positive prisoners in 2020.

On June 10, 2024, the Court granted Defendant Huss's motion to compel Plaintiff Anderson to authorize the release of his medical records after he refused to

sign a release for his medical records.  (ECF No. 78.)  Anderson appealed that order, and his appeal was denied on July 11, 2024.  (ECF No. 84.)

Warden Huss now moves to dismiss Plaintiff Anderson from this case, due to his refusal to comply with the Court order requiring him to sign an authorization to release his medical records.

## II. Analysis

The Court's June 10, 2024 order stated:

> IT IS ORDERED that Huss's motion to compel (ECF No. 71) is GRANTED. Within 7 days of receiving the release form, Anderson shall properly execute the release without alteration, and return it to Huss. Anderson is hereby advised that failing to authorize the release of his medical records in accordance with this order may result in the dismissal of this case pursuant to Rule 41(b) or Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

(ECF No. 78, PageID.1127) (citations omitted). That order was affirmed on appeal. (ECF No. 84.)  Nevertheless, Plaintiff Anderson has refused to sign an authorization to release his medical records.  (ECF No. 96-2, PageID.1342-1343 (Declaration of Mona Golson); ECF No. 96-3, PageID.1351 (letter from attorney Predhomme); ECF No. 96-4, PageID.1359-1360 (Declaration of Renata Patton).)

Rule 41(b) provides that: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  Rule 37(b)(2)(A)(v) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

The Court granted Warden Huss's motion to compel because it found that "Plaintiff Anderson is claiming that his health and safety were placed in danger by Defendant Huss." (ECF No. 78, PageID.1127.) In failing to authorize the disclosure of his medical records, Anderson has obstructed Warden Huss's efforts to defend herself and defied the orders of this Court. In other words, Anderson's actions display "an intent to thwart judicial proceedings [and] a reckless disregard for the effect of [his] conduct on those proceedings." *Ford v. Kennerly*, No. 17-2457, 2018 WL 6436386, at *3 (6th Cir. Apr. 26, 2018) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). As such, it is the undersigned's opinion that Anderson's conduct warrants the dismissal of his case in accordance with Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. *See Ford*, 2018 WL 6436386, at *3-4 (affirming the dismissal of deliberate indifference claims under Rule 37(b)(2)(A)(v) because plaintiff failed to comply with an order compelling him to release his medical records to defendants).

### III. Recommendation

The undersigned respectfully recommends that the Court grant Defendant's motion to dismiss Plaintiff Anderson from this case. (ECF No. 94.)

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections

constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   August 16, 2024                             /s/ *Maarten Vermaat*
                                                     MAARTEN VERMAAT
                                                     U.S. MAGISTRATE JUDGE

4