UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY ANDERSON #979199, II,
and LADONTAE MCKINLEY #863585

       Plaintiffs,

v.

ERICA HUSS, et al.,

       Defendants.
_____/

Case No.  2:21-cv-00123

Hon.  Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses Defendant Huss's motion to dismiss this case due to Plaintiffs' failure to comply with the August 2, 2024, Court Order requiring them to answer interrogatories and requests to produce (ECF No. 89). (ECF No. 103.)

Plaintiffs – state prisoners Jerry Anderson and LaDontae McKinley – filed an unverified complaint, pursuant to 42 U.S.C. § 1983, asserting an Eighth Amendment violation while they were housed at Marquette Branch Prison (MBP). (ECF No. 1.) Plaintiffs allege that Defendant Warden Huss acted with deliberate indifference to their health and safety by refusing to separate them from COVID-19-positive prisoners in 2020.

On August 2, 2024, the Court granted Defendant Huss's motion to compel Plaintiffs Anderson and McKinley to answer Defendant's interrogatories and requests to produce within 21 days from the date of that order. (ECF No. 89.) Plaintiffs have failed to comply with that order and have refused to answer the discovery requests.[1]

Warden Huss now moves to dismiss this case, due to the Plaintiffs' refusal to comply with the Court order requiring them to answer interrogatories and requests for production of documents.

## II. Analysis

The Court's August 2, 2024 order stated in part:

> Plaintiff Anderson and Plaintiff McKinley shall fully answer the May 10, 2024, interrogatories and request for production of documents within 21 days from the date of this order. Failure to comply with this order may result in a recommendation that this Court dismiss the complaint for failure to prosecute this action in accordance with Fed. R. Civ. P. 41.
> **IT IS SO ORDERED**

(ECF No. 89.) Plaintiffs failed to answer Defendant's interrogatories and have failed to answer Defendant's requests for production of documents. Plaintiffs failed to comply with this order and by doing so they have indicated their abandonment of the prosecution of this case.

---

[1] This is the second time that Plaintiff Anderson has refused to comply with a Court order. Plaintiff Anderson refused to comply with an order to authorize the disclosure of his medical records. (ECF No. 78.) Plaintiff Anderson's refusal to comply with that earlier Court order is the subject matter of another R&R that is pending. (ECF No. 100.)

Rule 41(b) provides that: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 37(b)(2)(A)(v) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiffs' actions display "an intent to thwart judicial proceedings [and] a reckless disregard for the effect of [his] conduct on those proceedings." *Ford v. Kennerly*, No. 17-2457, 2018 WL 6436386, at *3 (6th Cir. Apr. 26, 2018) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). As such, it is the undersigned's opinion that Plaintiffs' conduct warrants the dismissal of this case in accordance with Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. *See Ford*, 2018 WL 6436386, at *3-4 (affirming the dismissal of deliberate indifference claims under Rule 37(b)(2)(A)(v) because plaintiff failed to comply with a discovery order). In addition, Plaintiffs have exhibited an intent to abandon the prosecution of this case and have knowingly disregarded this Court's orders. As such dismissal for failure to prosecute under Rule 41 is appropriate.

### III.  Recommendation

The undersigned respectfully recommends that the Court grant Defendant's motion to dismiss this case.  (ECF No. 103.)

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    September 10, 2024                              /s/ *Maarten Vermaat*
                                                          MAARTEN VERMAAT
                                                          U.S. MAGISTRATE JUDGE