UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY ANDERSON II and LADONTAE
MCKINLEY,

    Plaintiffs,                            Case No. 2:21-cv-123

v.                                        HON. JANE M. BECKERING

ERICA HUSS, et al.,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

In June 2021, Plaintiffs Jerry Anderson II and LaDontae McKinley, proceeding pro se, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against several Defendants, including Erica Huss, who was the warden at the Marquette Branch Prison (MBP) at the time of the allegations in Plaintiffs' Complaint. Following this Court's screening decision pursuant to 28 U.S.C. § 1915A, the only claim remaining is Plaintiffs' Eighth Amendment claim against Defendant Huss. In their unverified Complaint, Plaintiffs allege that Defendant Huss, in deliberate indifference to their serious health needs, did not properly implement Michigan Department of Corrections (MDOC) COVID-19-related policies. In August and September 2024, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(*v*) and 41(b), Defendant Huss filed motions to dismiss based on Plaintiffs' failure to comply with Court Orders related to discovery of Plaintiffs' medical records. No responses were filed to the motions to dismiss, which were referred to the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1).

First, on August 16, 2024, the Magistrate Judge issued a Report and Recommendation recommending that this Court grant Defendant Huss' motion to dismiss Plaintiff Anderson from

this case for failure to comply with the Court's Order to sign an authorization to release his medical records (R&R, ECF No. 100).  The Report and Recommendation was duly served on the parties.  No objections were filed.[1]

Second, on September 10, 2024, the Magistrate Judge issued a Report and Recommendation recommending that this Court grant Defendant Huss' motion to wholly dismiss this case due to Plaintiffs' failure to comply with the August 2, 2024 Court Order requiring them to answer interrogatories and requests to produce (R&R, ECF No. 106).  The Report and Recommendation was duly served on the parties.  Again, no objections were filed.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).  Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a plaintiff's entire case for failure to prosecute or comply with court orders or procedural rules.  *See* FED. R. CIV. P. 41(b).  Dismissal under this rule "operates as an adjudication on the merits." *Id.* As the Sixth Circuit recently emphasized, while dismissal with prejudice is a harsh remedy not to be indiscriminately employed, the remedy remains "available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Craddock v. FedEx Corp. Servs., Inc.*, 102 F.4th 832, 839–40 (6th Cir. 2024) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

---

[1] On September 6, 2024, Plaintiff Anderson filed a Motion to Stay, which this Court denied (Order, ECF No. 107).  In this Court's Order, this Court extended the deadline for filing objections to the August 16, 2024 Report and Recommendation to September 24, 2024, which was also the deadline for filing any objections to the September 10, 2024 Report and Recommendation (*id.*).

The record fully supports the Magistrate Judge's conclusions that dismissal with prejudice is appropriately granted in the case at bar. *See generally Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (delineating four-part test for assessing whether to dismiss a case with prejudice under Rule 41(b)); *Fharmacy Recs. v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010) (quoting *Coleman v. Am. Red Cross,* 23 F.3d 1091, 1094 n.1 (6th Cir. 1994) (explaining "that the factors considered when reviewing a dismissal under Rule 41 (b), Rule 37(b), or a court's inherent power are largely the same"). First, Plaintiffs' failures to prosecute their claim against Defendant Huss have been willful, and, as the Magistrate Judge observed, have obstructed progress and severely prejudiced Defendant Huss' ability to fashion any defense. In other words, Defendant Huss "waste[d] time, money, and effort in pursuit of cooperation which [the Plaintiffs were] legally obligated to provide." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005) (citation omitted). Additionally, Plaintiffs were expressly and repeatedly warned that failure to comply with the Court's Orders may result in dismissal of their remaining claim. *See* Orders (ECF No. 78 at PageID.1127; ECF No. 84 at PageID.1226; ECF No. 89 at PageID.1306–1307). The record is abundantly clear that Plaintiffs also had full knowledge of the pending motions to dismiss. *See* Certificates of Compliance (ECF Nos. 95 & 104). Plaintiffs nonetheless failed to file any responses to the motions and likewise failed to file any objections to the Magistrate Judge's Reports and Recommendations. Last, the Court finds that no alternative sanction would "protect the integrity of the pretrial process." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 738 (6th Cir. 2008). For these reasons, the Court, in its discretion, approves and adopts the Magistrate Judge's Reports and Recommendations. Because this decision resolves the last pending claim in this case, a Judgment will be entered consistent with this Court's prior

Order for Partial Dismissal (ECF No. 12) and this Memorandum Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 100) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Huss' Motion to Dismiss (ECF No. 94) is GRANTED for the reasons stated in the Report and Recommendation (ECF No. 100).

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 106) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Huss' Motion to Dismiss (ECF No. 103) is GRANTED for the reasons stated in the Report and Recommendation (ECF No. 106).

**IT IS FURTHER ORDERED** that Defendant Huss' Motion to Stay Discovery and Dispositive Motion Deadline (ECF No. 97) is DISMISSED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith because Plaintiffs failed to file any objections. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Dated:  September 30, 2024               /s/ Jane M. Beckering
                                          JANE M. BECKERING
                                          United States District Judge